## WILL AS EVIDENCE OF PURPOSE OF A BEQUEST.

Circuit Court of Cuyahoga County.

EDWARD N. FELL, ADMINISTRATOR, v. AMYRILLA CARTER, AD-
MINISTRATRIX.

Decided, February 3, 1908.

*Bequest Not in Payment of Services Rendered—Will Incompetent Evi-
dence in Action Therefor.*

In an action to recover for personal services rendered a deceased per-
son, it is not competent to introduce the decedent's will, in which
she makes a bequest to the plaintiff, as evidence tending to show
that the bequest was in payment for the services, unless the will
so states.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an action to recover for personal services rendered
by defendant in error's intestate, Thomas Sheets, to plaintiff in
error's decedent, Sarah A. Spafford.

Without objection the defendant below was permitted to in-
troduce the fourth section of the will of Mrs. Spafford which
provides:

"To my brother Thomas Sheets, I give, devise and bequeath
the sum of four hundred dollars, but should he die before my-
self, this bequest will be null and void."

In his charge the trial judge directed the jury to consider
whether this bequest in the will was intended to be and was in
satisfaction of her brother's claim. Afterwards realizing that
in this respect he had erred in his charge to the jury, the judge
recalled the jury and gave the following additional charge:

"Gentlemen, I submitted an issue in the charge, which upon
reflection I am satisfied was erroneous on my part. That was
with reference to the use that might be made of the proof as to
the bequest in the will of four hundred dollars by Mrs. Spafford
to her brother. This money has never been received by him,
and it can not bind his rights in any respect nor those of his
administrator. It, therefore, can not be considered in the na-

ture of a defense by way of any satisfaction for any claim which the plaintiff may have in the case. You may, however, consider that act of hers in making such bequest in the will, and give it whatever weight it is entitled to as bearing upon what the true understanding and agreement was between the parties as to any promise to pay for the services rendered by the plaintiff. If it has any bearing or sheds any light on that question, consider it for that purpose. It can not be considered as a defense in the nature of any satisfaction for any obligation sued on. I, therefore, make this correction that there may be no error in the instructions given in the charge.''

This additional charge is not in accord with the proposition laid down in the case of *McNeil, Excr.,* v. *Pierce, Admr.,* 73 O. S., 7, but its general tenor was favorable to the defendant below and can not be complained of by him. However, his counsel now says that the statement therein contained that ''this money has never been received by him,'' was not based upon any evidence in the case, and was therefore unwarranted and was misleading. For this reason he says that the judgment should be reversed.

This language was doubtless suggested by the language used by Judge Wright in ruling upon a similar proposition in the case of *Willis* v. *Dun, Admr.,* Wright's Reports (Ohio), 133, but whether a good or bad reason was given for excluding the will in that case, or limiting its competency in this case, is immaterial. The will should not have been submitted to the jury at all, or for any purpose. There was no error prejudicial to plaintiff in error in this additional charge. Neither was there error in permitting the deposition of a son of Thomas Sheets to be used. He was not disqualified from testifying by any statute we know of.

Judgment affirmed.